John B. WEAVER, Plaintiff,

v.

Elliot RICHARDSON, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 36508.

United States District Court, E. D. Michigan, S. D.

March 27, 1973.

William J. Drillock, Marlette, Mich., for plaintiff.

Ralph B. Guy, Jr., U. S. Atty., Michael D. Gladstone, Asst. U. S. Atty., Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

GUBOW, District Judge.

This is an action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare. The final decision of the Secretary in this case is a decision of the Appeals Council rendered on March 17, 1971 upholding the prior determination of the Hearing Examiner. The Hearing Examiner had determined, on December 17, 1970, that Plaintiff was not entitled to disability insurance benefits under Section 223 of the Act, 42 U.S.C. § 423, and to a period of disability under Section 216(i) of the Act, 42 U.S.C. § 416(i). The matter is before the court on cross motions for summary judgment.

Plaintiff was born on April 21, 1913. He has been self-employed most of his life, and since 1944 operated his own fabricating steel shop. Because of a back injury suffered before that time, Plaintiff did none of the physical work in the shop. Instead, he negotiated with customers for contracts and did paper work. The plant employed eight workers.

Along the way, Plaintiff re-injured his back. By September 1966, this injury and the resulting back pain made it necessary for Plaintiff to discontinue his work. In 1967, he sold his business, netting One Hundred Thousand Dollars ($100,000.00) on the sale. He sold his house and purchased a mobile home in which he travels. He has not worked since September, 1966.

The medical evidence presented to the Hearing Examiner consisted of reports from the Mayo Clinic, where Plaintiff has received treatment annually since 1966, and the reports of four examining physicians: J. W. McCrea, M.D., L. D. Vaughn, M.D., J. D. Van Brocklin, M.D., and H. H. Young, M.D. The reports of Dr. McCrea and Dr. Vaughn relate to tests and treatment which do not bear directly on Plaintiff's claim of disability for back injury. Of more relevance are the reports of Dr. Van Brocklin and Dr. Young. Both diagnosed Plaintiff's condition as a degenerative lumbrosacral disc and a possible midline disc protrusion. The condition limited Plaintiff's ability to bend forward or laterally and made most physical activity difficult and painful. Dr. Young indicated that this condition totally disabled Plaintiff from doing "physical work" and could not be cured without an operation. By the term "physical work", Dr. Young meant "[a]nything that involves bending, stooping, lifting". [Ex. 21, p. 10]. Dr. Van Brocklin, to whom Plaintiff was referred by the State of Michigan Division of Vocational Rehabilitation, was also of the opinion that Plaintiff "should continue to limit his activity in bending, lifting and carrying". [Ex. 16, p. 2]. However, Dr. Van Brocklin's examination also indicated "considerable function in the categories of upper extremity function". [Ex. 16, p. 2].

Plaintiff testified that, subsequent to his examinations by Dr. Van Brocklin and Dr. Young, he was able to drive up to Three Hundred (300) miles a day although he had to make frequent stops to relieve the pain in his back. He continues to cut the lawn on the lot where he maintains his mobile home. His hobby is hunting. He last hunted in 1969 which was also subsequent to his examinations by Dr. Van Brocklin and Dr. Young. He can sit in a chair and is most comfortable doing so when his back is straight. He can stand indefinitely.

The Hearing Examiner concluded from the evidence presented that Plaintiff was not suffering a disability within the meaning of the Social Security Act. Relying most heavily on the testimony

of Plaintiff himself, the Examiner concluded:

". . . that while strenuous physical activities are not fully within the claimant's competence, he has the residual capacity to engage in various forms of sedentary and semi-sedentary types of work, including those of a supervisory nature or those involving business record keeping, comprising fields in which Mr. Weaver has enjoyed years of practical first hand experience. The Examiner also finds no reason why the claimant could not engage in various other forms of sedentary work including jobs of motel clerk; dispatcher; assembler and/or inspector of small computer parts, fishing tackle, plastic toys, carburetors, glove compartments, auto locks, ash trays, speedometers; parking lot attendant, or security guard. It is noted that all these jobs exist in significant numbers in the claimant's geographical region."

Sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, define disability, *inter alia,* as "inability to engage in any substantial gainful activity . . .". The role of this court in reviewing the Hearing Examiner's findings in regard to disability is very limited. Lane v. Gardner, 374 F.2d 612 (6th Cir. 1967); Ross v. Richardson, 440 F.2d 690 (6th Cir. 1971). If substantial evidence exists to support the agency's decision, it shall be conclusive. "That the District Court . . . might arrive at a different factual conclusion is irrelevant. The courts do not try these factual issues de novo". Lane v. Gardner, *supra,* 374 F.2d at page 616.

Viewed in this light, this court is of the opinion that the Hearing Examiner's conclusion should not be upset.

The conclusion of Dr. Young that the Plaintiff was "disabled" is clearly not entitled to conclusive weight. 20 C.F.R. § 404.1526. Even if it were, the "disability" described by Dr. Young was only with reference to such "physical work" as would involve "bending, stooping,

[and] lifting" (Ex. 21, p. 10]. This in no way refutes the Hearing Examiner's conclusion that Plaintiff has a residual capacity to perform sedentary work. Similarly, Dr. Van Brocklin's conclusion that Plaintiff should limit his activity was restricted to such activity as "bending, lifting, and carrying". [Ex. 16, p. 2]. Dr. Van Brocklin's observation that Plaintiff retained "considerable function in the categories of upper extremity function" is substantial medical evidence to support the Hearing Examiner's conclusion of a capacity to perform sedentary work. Similarly, Plaintiff's testimony that he can drive and that he mows his lawn is substantial evidence that Plaintiff retains residual capacities, especially in view of the fact that he performed such activity subsequent to the conclusion of limited disability reached by Dr. Van Brocklin and Dr. Young.

It appearing to this court that there exists substantial evidence on the record to support the Hearing Examiner's conclusion that Plaintiff retained a residual capacity to perform specific types of sedentary work, the Defendant's motion for summary judgment will be and the same is hereby Granted, and the Plaintiff's motion for summary judgment will be and the same is hereby Denied.

It is so ordered.